[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff contracted with the defendant to perform certain landscaping for it in connection with Cardi's contract with the State of Connecticut for resurfacing and bridge improvements on Route 32 in New London and Waterford, Connecticut. The landscaping was on the sides of Route 32. The contract required that the defendant plant trees and bushes and shrubs. The plaintiff contends that the defendant planted dead and dying trees and bushes and that the plaintiff had to remove all of those including guy wires and replace the various dead trees and plants planted by the defendant.
After hearing all the evidence, the court concludes that the plaintiff did prove that the trees and plants put in by the defendant were dead and had to be replaced. The defendant denied that and claimed that the plants were in good health and did not necessitate replacing. The court finds that the plaintiff did prove its case and that the trees and plants were dead and did require replacements.
The defendant then claimed that the labor cost for the replacement bill was excessive and that also the cost of the various trees was excessive.
The court finds that the plaintiff produced evidence indicating that it had a labor cost of $19,547.36 and a material cost of $6,051.68. It also established that it had to acquire equipment in the amount of $3,195.42, that it paid traffic men $3,839.43 including overhead and profit of 10% and that it also had to produce a bond and a profit on bond in the amount CT Page 6195 of $311.33. Total cost for the extra work was $32,945.22. It did acknowledge that it held in retainage $1,434.26 and accordingly it is now owed $31,510.96 from the defendant.
Although the defendant claimed that guy wires should not be charged for, that they were already there, and the cost of removing and replacing them should not be charged and also claimed that some other material should not be charged to them, the court finds that no value was established as to the defendant's claims. It, therefore, finds that the plaintiffs claims were established by the preponderance of the evidence and, therefore, awards damages to the plaintiff in the amount of $31,510.96.
 ___________________ D. Michael Hurley, Judge Trial Referee